JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3706-RGK (PJWx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | *Kaloud, Inc. v. Shisha Land Wholesale, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Directed Verdict (DE 115)

## I. INTRODUCTION

On May 15, 2015, Kaloud, Inc. ("Plaintiff") filed a Complaint against Shisha Land Wholesale, Inc. ("Defendant") alleging: (1) Trademark Infringement, (2) Trademark Counterfeiting, (3) False Designation of Origin, (4) Unfair Competition, (5) Common Law Unfair Competition, (6) Copyright Infringement, (7) State Counterfeiting.

On April 26, 2016, this Court granted summary judgment in favor of Plaintiff on all of its claims except the copyright infringement claim. The uncontroverted evidence showed that on April 10, 2015, Defendant sold 20 counterfeit units of Plaintiff's Kaloud Lotus ("Lotus"), an innovative hookah charcoal housing unit with a heat management system designed to reduce ash and ultra-fine particles.

Because the parties on summary judgment did not raise any issues as to which specific marks were infringed, the Court did not specify the registration numbers, dates, or product categories of the counterfeited marks. Instead, the Court held that Defendant had infringed and counterfeited Plaintiff's word marks "Kaloud" and "Kaloud Lotus" as well as a design mark consisting of the word "Kaloud" in a stylized font situated below a wisp of curling smoke.

On June 7, 2016, this action proceeded to jury trial to determine whether Defendant willfully infringed and counterfeited Plaintiff's marks as well as the amount of damages to be awarded. Before trial, neither party disputed that five of Plaintiff's marks were at issue. The marks are listed below.

| Registration No. | Mark | Registration Date | Registered Goods |
|---|---|---|---|

| 4,703,536 | Kaloud (text) | March 17, 2015 | Flavoring for hookah base water |
| 4,703,537 | Kaloud (design) | March 17, 2015 | Flavoring for hookah base water |
| 4,758,255 | Kaloud (text) | June 23, 2015 | Hookah charcoal container |
| 4,762,725 | Kaloud (design) | June 30, 2015 | Hookah charcoal container |
| 4,810,850 | Kaloud Lotus (text) | September 15, 2015 | Hookah charcoal container |

For ease of reference, the Court divides the five marks into two groups, categorized by product. The first two marks (Reg. Nos. '536 and '537) will be referred to as the "Flavor Marks," and the latter three marks (Reg Nos. '255, '725, and '850) will be referred to as the "Charcoal Container Marks."

At trial, Plaintiff sought statutory damages for counterfeiting of the five marks. On June 8, 2016, the jury found that Defendant's counterfeiting was willful and returned a verdict of $400,000 per infringed mark for a total of $2,000,000 in damages. Defendant now challenges this jury verdict and contends that statutory damages are unavailable on the five marks set forth above. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.

## II. JUDICIAL STANDARD

A motion for directed verdict, also referred to as a motion for judgment as a matter of law, "'is appropriate when the evidence presented at trial permits only one reasonable conclusion.' In other words, '[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008).

## III. DISCUSSION

Defendant challenges the jury's finding of willfulness and its award of statutory damages[1] on several grounds. The Court discusses each in turn.

### A. Willfulness

At trial, Plaintiff was able to recover enhanced damages based on the jury's finding that Defendant willfully counterfeited the marks. Defendant argues that Plaintiff did not present sufficient evidence from which a reasonable jury could find willfulness. The Court disagrees because there was sufficient evidence at trial for a reasonable jury to find that Defendant willfully counterfeited Plaintiff's marks. (Pl.'s Opp'n to Def.'s Mot. For Directed Verdict 2:24-4:7, ECF No. 116.)

---

[1] Plaintiff maintains that Defendant's arguments challenging the award of statutory damages have been waived because they were not raised at the summary judgment stage or at any point prior to trial. The Court disagrees. Because Plaintiff did not elect statutory damages until trial, Defendant could not have possibly raised its challenge at any earlier time. Therefore, Defendant has not waived its arguments.

### B. Statutory Damages Premised on Flavor Marks

Defendant contends that there was not sufficient evidence to support an award of statutory damages premised on the Flavor Marks because these marks are not registered for the type of product that was actually counterfeited. The Court agrees.

The Lanham Act defines a "counterfeit mark" as:

> a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered

15 U.S.C. § 1116(d)(1)(B)(i).

"Section 1116(d) requires that the mark in question be (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was registered for use on the same goods to which the infringer applied the mark." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011); *see NNG, KFT. v. AVA Enterprises, Inc.*, No. 214CV00220, 2015 WL 5442725, at *6 (C.D. Cal. July 8, 2015) (rejecting statutory damages where the plaintiff's mark was registered for use on "computer programs and software" but the counterfeited marks were affixed to "automotive audio and entertainment products"); *Coach, Inc. v. Asia Pac. Trading Co.*, 676 F. Supp. 2d 914, 923-24 (C.D. Cal. 2009) (rejecting statutory damages where the plaintiff's mark was registered for use on "sunglass cases" but the counterfeited marks were affixed to "sunglasses").

Here, the two Flavor Marks were registered for use on flavoring for hookah base water, but the only counterfeit product Defendant sold was the Lotus hookah charcoal container. Plaintiff did not present any evidence at trial that Defendant sold counterfeit versions of its flavoring for hookah base water. Therefore, because Defendant did not apply the Flavor Marks to the same product for which those marks were registered, no reasonable juror could award statutory damages for counterfeiting based on the two Flavor Marks.

### C. Statutory Damages Premised on Charcoal Container Marks

Defendant argues that statutory damages are only available where the plaintiff's mark was registered before the counterfeiting occurred. Because the three Charcoal Container Marks were registered in June and September 2015—*after* the only documented instance of counterfeiting occurred in April 2015—Defendant argues statutory damages premised on the these three marks are improper.

The Lanham Act provision authorizing statutory damages for counterfeiting states, "In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) . . . the plaintiff may elect . . . an award of statutory damages." 15 U.S.C. § 1117(c). The statutory language expressly references section 1116(d), which defines a "counterfeit mark" as:

> a counterfeit of a *mark that is registered on the principal register* in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered

15 U.S.C. § 1116(d)(1)(B)(i) (emphasis added). Defendant points to the emphasized language above and argues that the statutory definition of "counterfeit mark" requires the infringed mark to be registered on the principal register at the time of counterfeiting.[2] Because the evidence in the record only revealed a single instance of counterfeiting, in April 2015, and the three Charcoal Container Marks were not registered until June and September 2015, Defendant argues that no reasonable juror could find statutory damages proper.

Without opining on the merits of this argument, the Court concludes that a motion for directed verdict is not the proper vehicle for this challenge. Defendant's argument does not actually challenge the sufficiency of the evidence underlying the jury verdict; instead, Defendant attacks a legal conclusion issued by this Court in its summary judgment order.

Defendant essentially argues that it did not use "counterfeit marks" when selling the 20 Lotus products bearing Plaintiff's Charcoal Container Marks in April 2015 because those marks were not registered at the time of the infringing conduct. The jury was never asked to determine whether Defendant counterfeited any marks; they merely found willfulness and set an amount of damages. Rather, the question of whether Defendant counterfeited the Charcoal Container Marks was answered by this Court in its summary judgment order, which held that Defendant counterfeited Plaintiff's marks by selling the 20 Lotus products in April 2015. Once Defendant's actual argument is properly understood, it becomes apparent that a motion for directed verdict is not the proper vehicle. Such a challenge belongs in a motion for reconsideration of this Court's summary judgment order, not a motion for directed verdict.

Accordingly, this Court denies Defendant's motion for directed verdict as to the statutory damages premised on the Charcoal Container Marks. If Defendant wishes to pursue this argument, it must file a motion for reconsideration.

## IV.   CONCLUSION

The Court **GRANTS** Defendant's motion for directed verdict as to the jury's award of statutory damages premised on the two Flavor Marks and **DENIES** the motion as to the statutory damages stemming from the three Charcoal Container Marks. The Court reduces the jury award by $800,000 to reflect the dismissal of statutory damages stemming from the two Flavor Marks.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[2] Numerous district courts have disallowed statutory damages where the counterfeiting occurred before a mark was registered. *New Name, Inc. v. The Walt Disney Co.*, No. CV 07-5034, 2008 WL 5587487, at *6 (C.D. Cal. July 23, 2008) ("[M]any other courts have held that statutory damages are not retroactively available for infringement occurring between application and registration."); *Synergy Tech & Design Inc. v. Terry*, No. C 06-02073, 2007 WL 1288464, at *4 (N.D. Cal. May 2, 2007) ("[T]here is no potential for [plaintiff] to recover . . . for federal trademark infringement for conduct that occurred prior to the registration of the subject marks."); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1117 n.23 (S.D. Cal. 2012) ("Many courts have held that statutory damages are not retroactively available for infringement occurring between application and registration.").