UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-3706-RGK-PJW | Date | September 26, 2016 |
|---|---|---|---|
| Title | *Kaloud, Inc. v. Shisha Land Wholesale, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Attorney's Fees (DE 146)

## I. INTRODUCTION

Shisha Land Wholesale, Inc. ("Defendant")'s present Motion for Attorney's Fees is the latest installment in a series of actions by Defendant that squander both the Court's and the parties' valuable time and resources. Defendant principally caused this waste by belatedly advancing an argument that his wilful counterfeiting occurred before the marks at issue were registered. As the Court has previously stated, a basic Westlaw or Lexis search would have easily revealed this legal theory to Defendant, allowing it to successfully challenge Plaintiff's counterfeiting claim at the summary judgment stage. Instead, Defendant waited until after a trial on damages occurred and judgment was entered to assert this argument.

## II. JUDICIAL STANDARD

Section 505 of the Copyright Act provides that a district court "may . . . award reasonable attorney's fees to the prevailing party." 17 U.S.C. §505. Section 1117(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party". 15 U.S.C. §1117(a). In making an attorney's fees determination under these Acts, the Court will look to the substantive strength of the parties' positions and the reasonableness of the manner in which the case was litigated. *See Octane Fitness, LLC v. Icon Health and Fitness, Inc.,* 134 S.Ct. 1749, 1758 (2014).

## III. DISCUSSION

There is no way in which the manner Defendant litigated this case could be considered appropriate. At best, Defendant's delay in bringing the ultimately prevailing argument is attributable to carelessness and a lack of diligence by Defendant's attorney, Louis F. Teran of SLC Law Group. At worst, the delay suggests an attempt to sandbag Plaintiff and run up the bill for attorney's fees. In any case, the Court refuses to endorse Defendant's conduct through an award of attorney's fees.

## IV. CONCLUSION

Because the Court finds that Defendant at best conducted the present litigation inattentively, and at worst acted in bad faith, the Court **DENIES** Defendant's Motion for Attorney's Fees.

**IT IS SO ORDERED.**

            : 

Initials of Preparer